IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LORI L. SUTPHIN,

       Plaintiff,

v.                                Civil Action No. 5:13CV161
                                                  (STAMP)
CAROLYN W. COLVIN,
Acting Commissioner
of Social Security,

       Defendant.

**<u>MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I.  <u>Procedural History</u>

The plaintiff, Lori L. Sutphin, filed an application for Supplemental Security Income ("SSI") under Title II of the Social Security Act. In the application, the plaintiff alleged disability since December 2, 2006 due to bipolar disorder, carpal tunnel, a right partial knee replacement, bulging discs, a cyst on the liver, kidney stones, high blood pressure, heart problems, short-term memory loss, vision problems, and hearing problems. This was the plaintiff's sixth application, all other applications had been denied.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and

a hearing was held at which the plaintiff was represented by counsel.

At the hearing, the plaintiff testified on her own behalf, as did a vocational expert. The ALJ issued a decision finding that the plaintiff did not meet the criteria for any listing that would allow her to obtain the benefits she was seeking. Further, the ALJ found that the plaintiff was unable to perform any past relevant work but there were jobs in the national economy that the plaintiff could perform. Additionally, the ALJ found that the plaintiff was not credible as her testimony and reported symptoms did not align with the work history and treatment the plaintiff had provided. Finally, the ALJ found that the state physicians' opinions should be given significant weight whereas the plaintiff's treating physician's opinion should be given little weight. Thus, the plaintiff's request for benefits was denied.

The plaintiff then timely filed an appeal of the decision to the Appeals Council. The Appeals Council denied the plaintiff's request for review. Thereafter, the plaintiff filed a request for judicial review of the ALJ's decision in this Court. The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. After consideration of those motions, the magistrate judge entered

a report and recommendation recommending that the defendant's motion for summary judgment be denied, that the plaintiff's motion for summary judgment be denied, and that this action be remanded to the ALJ for further consideration of the plaintiff's diagnosis of bipolar disorder. The plaintiff then filed timely objections to the report and recommendation.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous. Because the plaintiff filed objections, this Court will undertake a de novo review of the report and recommendation.

Further, the following standard will be applicable to this consideration of the plaintiff's objections and the magistrate judge's findings. An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions

3

from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mut. Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

### III. Discussion

#### A. Parties' Contentions and the Magistrate Judge's Findings

The plaintiff argues that the ALJ erroneously assessed the plaintiff's RFC because: (1) the ALJ's step 2 analysis is incomplete and not supported by substantial evidence; (2) the ALJ's RFC determination is unsupported by substantial evidence; (3) the ALJ's credibility determination is unsupported by substantial evidence; and (4) the ALJ's determination that the plaintiff could perform work in the national economy is not supported by substantial evidence. The commissioner argues that there was substantial evidence to support the ALJ's finding and that the ALJ did consider the bipolar disorder of the plaintiff by reviewing the treating physicians' opinions which recognized that the plaintiff had bipolar disorder and also recognized her depression and anxiety.

The magistrate judge first found that the ALJ failed to consider the plaintiff's bipolar disorder. The magistrate judge reasoned that although the ALJ considered the plaintiff's depression, anxiety, and panic attacks as impairments (which may relate to bipolar disorder), she did not specifically reference the

4

bipolar diagnosis in her opinion. However, the magistrate judge did find that the ALJ had considered the plaintiff's use of a cane to support her right knee as the ALJ had considered the degenerative defect of the plaintiff's knee and her knee replacement in her analysis.

The magistrate next found that the ALJ did not sufficiently articulate reasons for assigning significant weight to the finding of Dr. Boggess, a state agency consultant. The magistrate judge reasoned that because the ALJ cited the January 2011 finding of Dr. Boggess as the basis for her finding that Dr. Boggess's opinion should be given significant weight, but only cited the section of his finding which was not as helpful to the plaintiff, it is impossible to tell whether there was substantial evidence to support the ALJ's determination that his opinion be given significant weight.

The magistrate judge did find, however, that the ALJ sufficiently articulated reasons for assigning "little weight" to the plaintiff's Bridgeport physician's opinion that the plaintiff's functional capacities were "severely deficient." The ALJ had stated that this opinion was contrary to the evidence in the record as there were multiple instances within twelve months of the Bridgeport physician's opinion where plaintiff had reported no disabling mental or psychiatric issues. The magistrate judge found this to be an accurate assessment. Next, the magistrate judge

found that the ALJ correctly found the plaintiff to be not entirely credible. The ALJ compared the plaintiff's reported symptoms with the plaintiff's reported work history which showed that the plaintiff had been able to perform gainful employment and could read, write, and perform basic arithmetic. Further, the plaintiff had refused some medical treatment throughout the reported period. Thus, the magistrate judge found that substantial evidence existed for the ALJ's finding. Finally, the magistrate judge found that the ALJ's analysis as to work the plaintiff could perform in the national economy was incomplete as the ALJ had not considered the plaintiff's bipolar disorder.

In her objections, the plaintiff argues that the magistrate judge should have granted her motion for summary judgment or at least granted partial summary judgment finding that the ALJ's decision was not free of harmless error. The plaintiff contends that the magistrate judge incorrectly upheld the ALJ's determination as to the plaintiff's credibility because that too must be considered in light of the fact that the ALJ did not consider the plaintiff's diagnosed bipolar disorder.[1] The plaintiff thus requests that this Court adopt the report and recommendation but only with the addition of the plaintiff's

---

[1] The plaintiff asserts in her objections that this is the only point in contention that the magistrate judge did not find in favor of the plaintiff. However, the magistrate judge did find that the plaintiff's treating physician's opinion was correctly assessed little weight by the ALJ.

6

request that this Court either grant or partially grant the plaintiff's summary judgment motion.

B.  Findings Dependent on the Diagnosis of Bipolar Disorder

The plaintiff asserts that the magistrate judge correctly held that the ALJ did not have substantial evidence as to several findings because the ALJ did not specifically discuss the plaintiff's bipolar disorder diagnosis.  The plaintiff's objections as to these findings is only as to the relief fashioned by the magistrate judge because the plaintiff argues that the magistrate judge should have found that the ALJ's credibility determination was also not based on substantial evidence.

Thus, this Court finds that the magistrate judge's determinations dependent on his finding that the ALJ did not have substantial evidence as to certain determinations because she did not consider that the plaintiff had been diagnosed with bipolar disorder should be upheld.  These findings were not clearly erroneous and thus should stand as there were no objections made thereto.

C.  Credibility Determination

The ALJ applied the two part test set forth in Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996), in determining the status of the plaintiff:

> [1]  [F]or pain to be found to be disabling, there must be shown a medically determinable impairment which could

reasonably be expected to cause not just pain, or some pain, or pain of some kind or severity, but the pain the claimant alleges she suffers. The regulation thus requires at the threshold a showing by objective evidence of the existence of a medical impairment "which could reasonably be expected to produce" the actual pain, in the amount and degree, alleged by the claimant. (citations omitted).

[2] It is only after a claimant has met her threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, that the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated. See 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1). Under the regulations, this evaluation must take into account not only the claimant's statements about her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings, see id.; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.), see 20 C.F.R. §§ 416.929(c)(2) & 404.1529(c)(2); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it, see 20 C.F.R. §§ 416.929(c)(3) & 404.1529(c)(3).

The ALJ found that the alleged medical impairments the plaintiff complained of could cause some of the alleged symptoms. Thus, she moved to the second step and found that the plaintiff could not meet that requirement. The ALJ considered the plaintiff's testimony at the hearing, the plaintiff's function report, and also the medical evidence of the record as to the plaintiff's physical impairments.

In considering the plaintiff's impairments, the ALJ considered the plaintiff's report of her work history and her refusal of some

8

medical treatment during the reported period. The ALJ considered the plaintiff's responses and found that they were inconsistent with the symptoms reported in the medical records and the RFC assessment. Although the plaintiff may believe that an opposite conclusion should have been drawn, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Mut. Mining, Inc., 80 F.3d at 113. In this action, the ALJ correctly considered the plaintiff's function report; her testimony; and the medical evidence of record. Thus, based upon a de novo review, this Court finds that there was substantial evidence to support the ALJ's determination of the plaintiff's credibility and thus her objections to the magistrate judge's determination are overruled.

D.  Treating Physician's Opinion

The plaintiff argues in her objections that she disagrees with the magistrate judge's finding that the ALJ's determination based on the plaintiff's credibility should be upheld. However, the plaintiff does not address the magistrate judge's finding that the ALJ's determination that the plaintiff's treating physician is less than credible was based on substantial evidence. As such, this Court will review the magistrate judge's determination as to the treating physician under a clearly erroneous standing. The ALJ considered the treating physician's finding that the plaintiff's

9

mental capacities were "severely deficient" and contrasted that with the record which showed that the plaintiff had shown improvement during the time period such a diagnosis occurred. Thus, the magistrate judge's finding that such a determination was based on substantial evidence was not clearly erroneous.

Accordingly, this Court finds that the recommendation fashioned by the magistrate judge that this case be remanded solely for the ALJ to address the effect of the plaintiff's diagnosed bipolar disorder which was not addressed in the original decision, was correct. This Court has affirmed the magistrate judge's finding that part of the ALJ's decision was based on substantial evidence whereas part of it was not. As such, based on a <u>de novo</u> review of the remedy fashioned by the magistrate judge, the narrow remand recommendation was correctly tailored.

## IV. <u>Conclusion</u>

For the reasons set forth above, this Court hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge based on a partial <u>de novo</u> review and partial clearly erroneous review. Accordingly, the plaintiff's objections are OVERRULED. The defendant's motion for summary judgment is DENIED, and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be REMANDED to the Administrative Law Judge to address the effect of the plaintiff's diagnosed bipolar disorder which was not addressed in the original decision.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 6, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE