IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LORI L. SUTPHIN,

        Plaintiff,

v.                                                                                                                     Civil Action No. 5:13-cv-161

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

## ORDER DENYING AN AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

### I. INTRODUCTION

**A. Background**

       This matter comes before the Court on the Plaintiff's Motion for an Award of Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), filed on October 27, 2014.[1] The Commissioner filed her response to the motion on November 24, 2014,[2] and the Plaintiff filed a reply on December 8, 2014.[3] This Court held an evidentiary hearing and argument on the Plaintiff's motion on December 10, 2014. Present at the hearing were Howard D. Olinsky, Esq., counsel for the Plaintiff, and Eda Guisti, Esq., counsel for the Commissioner. Both counsel appeared by telephone and no additional testimony or evidence was presented at the hearing. At the conclusion of the hearing, this Court ordered the Plaintiff's counsel to submit an itemized statement of services rendered identifying each person who performed each task.[4] On December 14, 2014, the

---

[1] ECF No. 32.

[2] ECF No. 35.

[3] ECF No. 40.

[4] ECF No. 42.

Plaintiff's counsel submitted a response brief, with attachments, in support of their motion.[5]

**B. The Motion**

Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act. ECF No. 32.

**C. Order**

The Plaintiff's Motion for Attorney's Fees is **DENIED** because the Government's position was substantially justified in law and fact. In the alternative, even if the Government's position was not substantially justified, Plaintiff's request for $8318.75 in attorney's fees is not reasonable and, based on the Undersigned's review of the Plaintiff's counsel itemized list, a reward of $4837.50 is the maximum reasonable amount.

## II. FACTS

On November 25, 2013, the Plaintiff filed this action under 42 U.S.C. §1383(c) for judicial review of an adverse decision of the Commissioner of Social Security denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act. 42 U.S.C. §§1381-1383f.[6] The Commissioner filed her Answer on April 21, 2014.[7] Ms. Sutphin then filed her Motion for Summary Judgement on May 29, 2014,[8] and the Commissioner filed her Motion for Summary Judgment on June 30, 2014.[9] Ms. Sutphin filed a Response in Opposition on July 14, 2014, 2014.[10]

---

[5] ECF No. 43.

[6] ECF No. 1.

[7] ECF No. 18.

[8] ECF No. 24.

[9] ECF No. 25.

[10] ECF No. 27.

This Court issued a Report and Recommendation on September 15, 2014, recommending that the Defendant's Motion for Summary Judgment be denied, that the Plaintiff's motion for summary judgment be denied, and that this action be remanded to the ALJ for further consideration of the Plaintiff's diagnosis of bipolar disorder.[11] On October 7, 2014, the District Court entered an Order Affirming and Adopting the Report and Recommendation.[12]

### III. THE MOTION

**A. Contentions of the Parties**

The Plaintiff argues that the Commissioner has not met her burden to show that the Government's position was substantially justified in this case. Further, the Plaintiff contends that the Plaintiff's fee request is reasonable and the time spent was not excessive. The Commissioner argues that the Plaintiff's counsel is not entitled to EAJA fees because the Commissioner was substantially justified in her position. Additionally, the Commissioner contends that the amount of fees requested by Plaintiff's counsel should be reduced because they are not reasonable.

**B. Discussion**

Upon a timely petition, a party who prevails in litigation against the United States is entitled to EAJA attorney's fees if the Government's position was not substantially justified and no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). In order to be eligible for an award of fees, the following requirements must be met: (1) the claimant is a prevailing party; (2) the Government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant

---

[11] ECF No. 28.

[12] ECF No. 30.

3

timely filed a petition supported by an itemized statement. *Crawford*, 935 F.2d at 656.

1. Prevailing Party

"A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (internal quotations omitted).

Here, Plaintiff is a prevailing party because by obtaining a remand by the District Court she succeeded on a significant issue in the litigation which achieved some of the benefit she sought in bringing the suit. *Hensley*, 461 U.S. at 433.

2. Special Circumstances

"The special circumstances exception helps to ensure that the government can advance in good faith novel but credible interpretations of law." *Jackson v. Bowen*, 807 F.2d 127, 128 n.3 (8th Cir. 1986). "Defendants bear the burden of proving the existence of special circumstances" and "the judicially imposed provision should be narrowly construed so as not to interfere with the congressional purpose in passing such statutes." *Martin v. Heckler*, 773 F.2d 1145, 1150 (11th Cir. 1985). In this matter, neither party argues, and the Court does not believe, that there are any special circumstances present that would make an award of fees unjust.

3. Timely Filing of Application.

Under 42 U.S.C. § 2412:

> A party seeking an award of fees and expenses shall, within thirty days, of final judgment . . . submit to the court an application for fees and other expenses which shows that the party is the prevailing party and is eligible to receive an award . . . the amount sought, including an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed."

4

§ 2412(d)(1)(B). However, "a district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications-like any other improper position that may unreasonably protract proceedings-are matters that the district court can recognize and discount." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990).

The District Court entered its order accepting and adopting the Undersigned's Report and Recommendation on October 7, 2014. ECF No. 30. Plaintiff's motion for attorney's fees was filed on October 27, 2014. ECF No. 32. Therefore, the motion was timely filed under 42 U.S.C. § 2412(d)(1)(B).

4. Substantial Justification

Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Even losing arguments could commonly be found to be substantially justified. *See id.* at 565-69. Substantial justification requires at least "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce*, 487 U.S. at 565 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "While the burden of showing substantial justification is on the government, a district court may find . . . that the record before it demonstrates that substantial justification exists for a litigation position." *Campbell v. Bowen*, 800 F.2d 1247, 1249 (4th Cir. 1986).

The government's position must be substantially justified in both fact and law. *Pierce*, 487 U.S. at 565; *Crawford*, 935 F.2d at 656. "[A]n accurate recital of law" by the government "cannot excuse a substantially unjustified position on the facts." *Thompson v. Sullivan*, 980 F.2d 280, 282 (4th Cir. 1992) (finding that the government faced a difficult task to convince the Court that its

position was substantially justified in fact when the record was replete with objective medical evidence of a condition that could cause pain). "Where eligibility for benefits turns on disputed facts, the ultimate award of benefits does not necessarily mean that the [Government] was unjustified in contesting the claim." *Thompson*, 980 F.2d at 282. A position based on an arguably defensible administrative record is substantially justified. *Crawford*, 935 F.2d at 658. "Merely because the Secretary's original decision has been found to be based on an inadequately developed record does not mean that the position could not be substantially justified." *Sigman v. U.S. Dep't. of Health and Human Servs*, No. 91-2566, 961 F.2d 211, at *1 (4th Cir. May 4, 1992). Nevertheless, administrative agencies must follow the law of the circuit whose courts have jurisdiction over the action. *Hyatt v. Heckler*, 807 F.2d 376, 379 (4th Cir. 1986). A policy of nonacquiescence cannot be substantially justified. *Thompson*, 980 F.2d at 283.

Under this analysis, the Fourth Circuit has stressed that the Commissioner "is not automatically liable for attorney's fees every time [s]he loses a case." *Crawford*, 935 F.2d at 657. There is no "presumption that the government position was not substantially justified, simply because it lost the case." *Id.* (quoting *Tyler Business Services, Inc. v. NLRB*, 695 F.2d 73, 75 (4th Cir. 1982)). Indeed, the substantial justification inquiry requires a new, independent exercise of judicial judgment not pre-ordained by any prior assessment of the merits." *Evans v. Sullivan*, 928 F.2d 109, 110 (4th Cir. 1991). "The question whether an administrative denial of benefits was supported by substantial evidence on the record as a whole (the merits question) is not perfectly congruent with the question whether that denial (or its defense in court) was substantially justified (the fee award question)." *Cook v. Sullivan*, No. 90-2353, 935 F.2d 1285, at *2 (4th Cir. June 14, 1991). While obviously related, the two standards, however, "do not logically compel the same

answers or even raise legal presumptions in that direction." *Id.*

In this case, the District Court affirmed and adopted the Undersigned's Report and Recommendation. ECF No. 30. Accordingly, the District Court ordered this case to be remanded to the ALJ "to address the effect of the plaintiff's diagnosed bipolar disorder which was not addressed in the original decision." *Id*. In the Undersigned's original Report and Recommendation, the Undersigned recommended remand because, at step two of the sequential evaluation process, the ALJ made no reference to the Plaintiff's bipolar diagnosis.

20 C.F.R. § 416.920 "explains the five-step sequential evaluation process" used by ALJ's to determine if an individual is disabled. § 416.920(a)(1). At step two, the ALJ "consider[s] the medical severity of your impairments(s)." *Id*. at (a)(4)(ii). At this step, if an individual does "not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement," the ALJ will find that the individual is not disabled. *Id.* In this case, the ALJ completed step two of the evaluation process and identified multiple impairments that the ALJ believed qualified under step two of the § 416.920 evaluation. R. 23. Among other impairments, the ALJ discussed Plaintiff's depression, anxiety, and panic attacks. R. 23-24. The sole issue for remand was based on whether the ALJ's discussion of depression, anxiety, and panic attacks also referred to Plaintiff's bipolar diagnosis. Currently, the ALJ's decision is unclear as to whether the Plaintiff's bipolar diagnosis was improperly omitted by the ALJ.

In short, this matter was remanded for clarification, not due to a miscalculation of the law. As stated in the Report and Recommendation, "the ALJ's references to depression, anxiety, and panic attacks as impairments could relate to Plaintiff's bipolar diagnosis. Indeed, the ALJ's finding

may be proper." ECF No. 28. The ALJ followed the five-step sequential evaluation process in determining disability. Thus, the Government's position is substantially justified in law.

However, the Government's position must be substantially justified in law *and* fact. *Pierce*, 487 U.S. at 565; *Crawford*, 935 F.2d at 656. In this case, there was a "genuine dispute" as to whether the ALJ, under the facts and medical records of this case, actually discussed Plaintiff's bipolar diagnosis. *Pierce*, 487 U.S. at 565. Because there was a "genuine dispute" about the facts of the ALJ's decision, and "a reasonable mind might accept as adequate to support a conclusion," the Government's position is substantially justified in fact. *Id.*

In this case, the ALJ's decision was not supported by substantial evidence. However, although the Plaintiff succeeded in obtaining remand, the Court finds the Government's position was substantially justified on the facts and on the law. Therefore, the Plaintiff's motion for EAJA fees is denied.

**C. Reasonableness as to Number of Hours**

The Court finds that the Plaintiff is not eligible for attorney's fees under EAJA because the Government's position was substantially justified in law and fact, where the Government relied on an arguably defensible record. However, should the District Court conclude that the Plaintiff is eligible for attorney's fees, the Undersigned finds as follows.

The Plaintiff requests $187.50 per hour for 43.3 hours of attorney work, totaling $8318.75 to be paid to Plaintiff's counsel. Additionally, Plaintiff requests an additional $900.00 for the 4.8 hours of additional work spent preparing and drafting a reply brief to the Government's brief in opposition to the Plaintiff's motion for fees. Attorney's fees are capped at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited

availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). This Court recognizes that an increase in the cost of living justifies a higher fee. Therefore, adjusting for cost of living, the Plaintiff's counsel calculated a new fee of $187.50 per hour.

In the Plaintiff's first motion for attorney's fees,[13] the Plaintiff submitted a form detailing services rendered and the time it took to complete the work in the this case. After the December 10, 2014, evidentiary hearing regarding the Plaintiff's motion for fees, the Undersigned ordered Plaintiff's counsel to submit a complete itemized statement of services rendered/work performed and identify each person who performed each task. ECF No. 42. This Court will calculate fees according to the complete supplemental report submitted by the Plaintiff's counsel on December 14, 2014. ECF No. 43-1.[14]

The Court calculates the fee as follows:

| Date | Description of Work (According to the Plaintiff's counsel) | Actual Hours Calculated by the Court |
|---|---|---|
| 9/30/13 | Review decisions and evidence to determine whether to appeal case | 1.4 |
| 9/30/13 10/3/13 | Call to prospect / Phone call to Client regarding Federal Court packet | 0.1 |
| 10/7/13 | Mailed EAJA form back to client for signature | 0[15] |

---

[13] ECF No. 32.

[14] In the December 14, 2014, report, the Plaintiff's counsel included several entries that were not factored into the final amount of hours. Therefore, the Undersigned will only include entries that are relevant for tabulating fees.

[15] The Undersigned finds this entry as purely clerical work and not subject to billing. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 (1989).

| | | |
|---|---|---|
| 10/7/13 | Reviewed completed forms to commence case | $0^{16}$ |
| 10/9/13 | Phone Call from Client | 0.1 |
| 10/15/13 | Phone Call to Client | 0.1 |
| 10/17/13 | Reviewed all of clients completed including IFP | 0.1 |
| 10/22/13 | Draft Summons | 0 |
| 11/20/13 | Draft complaint and prepare civil cover sheet | $0.1^{17}$ |
| 11/25/13 | File Complaint | 0.1 |
| 11/25/13 | Draft and review Motion for Leave | 0.1 |
| 11/26/13 | Prepare and mail PHV application | $0^{18}$ |
| 12/2/13 | Review Order for Plaintiff | 0.1 |
| 12/2/13 | Mailed out IFP long form to client | 0.1 |
| 12/3/13 | Review Order granting Motion . . . to appear PHV | $0^{19}$ |
| 12/3/13 | Review order granting application to proceed IFP | $0^{20}$ |
| 12/11/13 | Correspondence to Local Counsel | 0.1 |
| 12/12/13 | Review Court approved form | $0^{21}$ |
| 1/7/14 | Review Summons returned executed | $0^{22}$ |
| 2/18/14 | Review Motion for Extension of Time to file Answer | 0.1 |
| 2/19/14 | Review Text Only Order granting Motion for Extension of time to file Answer | $0^{23}$ |

---

[16] See footnote 15.

[17] The complaint was a standard one and a half page complaint that could be completed in minimal time.

[18] See footnote 15.

[19] No billable action was necessary to complete this task.

[20] See footnote 19.

[21] See footnote 19.

[22] See footnote 19.

[23] See footnote 19.

| 3/19/14 | Review Memorandum in support of Defendant's Motion to Dismiss Complaint | 0.4 |
|---|---|---|
| 3/19/14 | Review Motion to Dismiss Plaintiff's Complaint | 0.1 |
| 3/21/14 | Blank Fax to DO | 0[24] |
| 3/21/14 | Correspondence with Opposing Counsel | 0.2 |
| 3/25/14 | File Response in Opposition | 0[25] |
| 3/26/14 | Review Motion to Withdraw Motion to Dismiss | 0.1 |
| 3/28/14 | Review Text Only Order | 0[26] |
| 4/21/14 | Review Federal Defendant's Answer | 0.1 |
| 4/21/14 | Review Certificate of Service | 0[27] |
| 4/22/14 | Preparation of Transcript | 0.9 |
| 4/23/14 | Review Order directing parties to adhere to procedure deadlines and requirements | 0.1 |
| 5/20/14 | Review 680-page transcript, make notes and mark transcript to prepare for brief | 7.6 |
| 5/21/14 | File First Motion for Extension of Time to File Motion for Summary Judgement | 0.1 |
| 5/21/14 | Phone call with client | 0.1 |
| 5/22/14 | Review Text Only Order Granting Motion for Extension of Time | 0[28] |
| 5/23/14 5/26/14 5/27/14 | Legal research and start drafting Memorandum Continue drafting Memorandum of Law Review draft of Memo of Law, edit and make suggestions on changes | 8.0 |

---

[24] See footnote 15.

[25] See footnote 15.

[26] See footnote 19.

[27] See footnote 19.

[28] See footnote 19.

| 5/27/14 | Download, save, file and distribute Defendant Summary Judgement and Memo of Law | 0.1 |
|---|---|---|
| 5/28/14 | Finalize Memorandum of Law | 0.5 |
| 5/28/14 | HDO final review and signoff | 0.0[29] |
| 5/29/14 | File Motion for Judgement with Memorandum of Law | 0.2 |
| 6/30/14 | Review Defendant Summary Judgement and Memo of Law | 0.7 |
| 7/11/14 | Draft and Prepare Reply to Motion for Summary Judgement | 0.6 |
| 7/14/14 | HDO approval - File response in opposition to Motion for Summary Judgement | 0[30] |
| 8/14/14 8/21/14 | Phone call with Client | 0.2 |
| 9/15/14 | Review Report and Recommendation | 0.5 |
| 9/29/14 | Draft and prepare Response to Report and Recommendation | 1.0 |
| 9/29/14 | File Response to Report and Recommendation | 0.1 |
| 10/7/14 | Correspondence to Client | 0.1 |
| 10/7/14 | Review Order and Judgment | 0.1 |
| 10/24/14 | Finalize and File EAJA Motion | 0.5 |
| 10/24/14 | Preparation of EAJA | 0.5 |
| 12/8/14 | Preparation of Reply to Defts Opposition to EAJA | 0.5 |
|  |  | 25.8 |

$187.50 (fee per hour) x 25.8 (Court calculated hours) = $4837.50

---

[29] The Undersigned refers to this entry as a "Noah's Ark attempt." In other words, attorneys can not create two billable entries for the same work. If the internal procedure of a law office is to have a supervisor complete an additional final review of a memorandum of law, then it is to be completed without additional billing.

[30] See footnote 29.

## IV. CONCLUSION

Based on the forgoing, Plaintiff's Motion for Attorney's Fees, ECF No. 32, is **DENIED** because the Government's position was substantially justified in law and fact, where the Government relied on an arguably defensible record. In the alternative, should the District Court decide that Plaintiff is eligible for attorney's fees under EAJA, I find that the Plaintiff's Motion for Attorney's Fees under EAJA in the sum of $4837.50 is the maximum reasonable amount.

Any party may, within fourteen [14] days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**.

DATED: December 18, 2014 /s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE