IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LORI L. SUTPHIN,

    Plaintiff,

v.                                       Civil Action No. 5:13CV161
                                                          (STAMP)
CAROLYN W. COLVIN,
Acting Commissioner
of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING ORDER OF THE MAGISTRATE JUDGE**
**DENYING MOTION FOR ATTORNEY'S FEES**

I. Procedural History

The plaintiff, Lori L. Sutphin, initially brought this action in this Court for review of a final decision of the Commissioner of the Social Security denying her claim for Supplemental Security Income. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred this case to United States Magistrate James E. Seibert with directions to submit to the Court proposed findings of fact and a recommendation for disposition. The magistrate judge recommended that both parties' motions for summary judgment be denied and that the case be remanded to the Administrative Law Judge ("ALJ") because (1) the ALJ had failed to consider the plaintiff's bipolar disorder; (2) the ALJ did not sufficiently articulate reasons for assigning significant weight to the finding of a Dr. Boggess, a state agency consultant; and (3) the ALJ's analysis as to work the

plaintiff could perform in the national economy was incomplete as the ALJ had not considered the plaintiff's bipolar disorder.

The plaintiff filed objections, arguing that her motion for summary judgment should have been granted. However, this Court affirmed and adopted the magistrate judge's report and recommendation adopting the magistrate judge's finding that some of the ALJ's determinations were supported by substantial evidence and others were not supported by substantial evidence.

The plaintiff then filed a motion for attorney's fees which was fully briefed. This motion was referred to the magistrate judge. An evidentiary hearing was held by the magistrate judge and the magistrate judge directed plaintiff's counsel to file an itemized list, which he did. In his order, the magistrate judge denied the plaintiff's motion. The plaintiff has filed objections. Thus, this issue is ripe for review by this Court.

## II. Facts

The plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") requesting an award of attorney's fees of $8,118.75 ($187.50/hour for 43.3 hours) and costs in the amount of $200.00 for the pro hac vice filing fee. The plaintiff argued that these fees should be awarded as she was the prevailing party, her net worth did not exceed $2,000,000.00 at the time the action was filed, and the position of the defendant in this litigation and at the agency

2

level was not substantially justified because the ALJ failed to consider the plaintiff's bipolar disorder.

The defendant filed a response arguing that she was substantially justified in her position within the meaning of the EAJA. The defendant asserts that the magistrate judge found in his report and recommendation recommending remand that the ALJ's findings may have been proper as he considered the plaintiff's severe depression and anxiety which may have related to the plaintiff's bipolar disorder. Further, the defendant argues that specific findings as to Dr. Boggess's psychiatric review form would not have changed the outcome of this case and thus she was substantially justified in that argument as well. Thus, the defendant asserts that although this case was remanded, remand is not a preclusive event and the defendant should be found to have been substantially justified.

The defendant also argues that the calculations as to costs and fees performed by the plaintiff's counsel are incorrect and that the request for fees should be reduced to $4,387.50, which the defendant argues is fair and reasonable compensation.

In reply, the plaintiff argues that the defendant is merely reciting facts and that the defendant failed to see that the ALJ's decision lacked a reasonable basis in law and thus her arguments were not substantially justified. Further, as to fees, the plaintiff contends that her calculations are correct and that her

initial requested amount, not the defendant's adjusted amount, should be provided.

An evidentiary hearing was then held by the magistrate judge. Thereafter, the magistrate judge ordered the plaintiff to file a supplemental response designating what items were completed by licensed attorneys versus support staff. The plaintiff filed her response and requested an additional $900.00 for having to file a reply along with an itemized list of fees and costs.

In his order, the magistrate judge found that the plaintiff was a prevailing party, that there are no special circumstances that would make an award of fees unjust, and that the motion was timely. The magistrate judge then found that there was substantial justification for the defendant's position as this case was remanded for clarification rather than due to a miscalculation of the law. Further, the magistrate judge found that there was a genuine dispute as to whether the ALJ actually discussed the plaintiff's bipolar disorder. Thus, there were issues as to both the law and the facts.

In the alternative, the magistrate judge went through the request for attorney's fees. The magistrate judge provided his own calculation based on the itemized list that had been submitted by the plaintiff and found that if fees were provided by this Court, the amount should be $4,837.50.

In her objections, the plaintiff reiterates her arguments that the remand to the ALJ was based on an issue of law and thus the defendant was not substantially justified in her position. Further, the plaintiff argues that the magistrate judge's calculations are invalid, erroneous, and without rationale.

The defendant filed a response to the plaintiff's objections. The defendant reiterates her arguments that she was substantially justified in both law and fact or, in the alternative, that the maximum reasonable amount of an award is $4,837.50.

Based on the analysis below, this Court finds that the magistrate judge's order should be affirmed and adopted in its entirety and the plaintiff's motion for attorney's fees is denied.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's order to which objection is timely made. Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the order to which objections were made.

### IV. Discussion

Subsection (d)(1)(A) of the EAJA directs that courts "shall award to a prevailing party . . . fees and other expenses . . . incurred by that party . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C.

5

§ 2412(d)(1)(A). "The prevailing party must apply for the fees award and sho[w] that he is a prevailing party and is eligible to receive an award by, among other things, submitting an itemized statement from any attorney . . . representing or appearing in behalf of the party that details the attorney's hourly rate and time spent on the case." Astrue v. Ratliff, 560 U.S. 586, 591-92 (2010) (internal citations omitted).

The government has the burden of showing that its position was substantially justified. Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988). The government's position must be substantially justified in both fact and law. Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). As such, "favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts." Id. "After prevailing in the underlying suit, a petitioner may rely on either a prelitigation position or a position taken during litigation as a predicate for fees." Id. The main concern of such a determination is the reasonableness of the government's position. United States v. 515 Granby, LLC, 736 F.3d 309, 316 (4th Cir. 2013). Specifically, the government's position must be "justified to a degree that could satisfy a reasonable person." Id. at 315 (citation omitted).

A position based on an arguably defensible administrative record is substantially justified. Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991). Losing the case does not automatically make the Commissioner liable for EAJA fees and costs. Id. at 657. This is so because of the two different standards that are applicable to the Court's initial determination on the merits and its determination of whether fees should be awarded. Cook v. Sullivan, No. 90-2353, 935 F.2d 1285, at *2 (4th Cir. June 14, 1991) (citing the different between the "supported by substantial evidence" standard and the "substantially justified" standard).

The plaintiff contends that the magistrate judge's finding that the government's position was substantially justified should be rejected. Thus, the plaintiff asserts that she is entitled to fees and other expenses under the EAJA. This Court will thus focus on the determination of whether the government's position was substantially justified.

In this Court's prior order, this Court found that the case should be remanded to the ALJ so that the ALJ could address the plaintiff's bipolar diagnosis at step two of the sequential evaluation process. Under step two of the sequential evaluation process, the ALJ is tasked with determining whether an individual has a "severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination fo impairments that is severe and meets the duration requirement."

7

20 C.F.R. § 416.920. If the ALJ finds that the individual does not have such an impairment, then the ALJ will find that the individual is not disabled. Id.

As the magistrate judge reviewed in his order, the issue to be addressed on remand was whether or not the ALJ considered the plaintiff's bipolar diagnosis when the ALJ discussed the plaintiff's depression, anxiety, and panic attacks. This was unclear in the ALJ's decision and thus required remand. Thus, this Court adopted the report and recommendation, and ordered remand, so that the ALJ had an opportunity to clarify its findings rather than because the ALJ misapplied the law. The ALJ followed the correct process but it was unclear how the ALJ applied the facts to step two of that process.

Moreover, although the plaintiff attempts to frame the issue differently, this Court has correctly laid out above what is to be considered on remand. Accordingly, the objection that the ALJ's failure to specifically mention the plaintiff's bipolar diagnosis was a miscalculation of the law is incorrect. As such, the government's position was substantially justified in law.

As stated above, there was an issue as to how the ALJ applied the facts to step two of the sequential evaluation process. This "genuine dispute" was based on the ALJ's discussion of depression, anxiety, and panic attacks, but the lack of a specific reference to the plaintiff's bipolar diagnosis. As such, this Court had a

8

question as to how the facts were applied. Because it was unclear, this Court found that the decision was not supported by substantial evidence. As stated above, a finding that something is not supported by substantial evidence does not necessarily mean that the underlying position was also not substantially justified. Cook, at *2. A reasonable person would be satisfied with the government's position that the ALJ considered the bipolar diagnosis when the ALJ listed the plaintiff's depression, anxiety attacks, and panic attacks (which may have been symptoms of her bipolar diagnosis). 515 Granby, at 315. As such, the government's position was also substantially justified in fact.

Accordingly, the plaintiff's motion for attorney's fees is denied as the government's position was substantially justified. Thus, this Court will not review the alternative finding of the magistrate judge, and the parties' arguments addressing that finding, regarding the accuracy of fees and costs submitted by the plaintiff.

V. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's order should be AFFIRMED and ADOPTED and the plaintiff's objections thereto are OVERRULED. The plaintiff's motion for attorney's fees is therefore DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   May 18, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE